1   ROBERT W. FREEMAN
    Nevada Bar No. 3062
2   PAMELA L. MCGAHA
    Nevada Bar No. 8181
3   LEWIS BRISBOIS BISGAARD & SMITH LLP
    6385 S. Rainbow Boulevard, Suite 600
4   Las Vegas, Nevada 89118
    702.893.3383
5   FAX: 702.893.3789
        Attorneys for Defendant

6

7                   UNITED STATES DISTRICT COURT

8                        DISTRICT OF NEVADA

9                               ***

10  EDMUND CARBINE,                     | CASE NO. 2:16-cv-

11          Plaintiff,                  | PETITION FOR REMOVAL OF ACTION
                                        | UNDER 28 U.S.C. § 1441 (DIVERSITY)
12      vs.

13  GEICO CASUALTY COMPANY; ROE
    CORPORATIONS 1-10, inclusive,
14
            Defendants.
15

16          Pursuant to 28 U.S.C.§ 1441 (b), GEICO CASUALTY COMPANY ("GEICO") by

17  and through its attorneys, Lewis Brisbois Bisgaard & Smith LLP, files this Petition for

18  Removal of Clark County District Court Case No. A-16-737332-C styled *Edmund Carbine*

19  *v. GEICO Casualty Company*, and states as follows:

20          1.      On May 25, 2016, an action was commenced in the Eighth Judicial District

21  Court, Clark County, State of Nevada, entitled *Edmund Carbine v. GEICO Casualty*

22  *Company*, Case No. A-16-737332-C ("State Court Action").   Copies of the Complaint

23  ("State Court Complaint"), Summons, and Proof of Service are attached hereto and

24  marked respectively as **Exhibits A, B,** and **C**, constituting all of the papers and pleadings

25  served on Defendant GEICO.

26          2.      Service of the Summons and Complaint upon Defendant GEICO was made

27  by the Division of Insurance on June 9, 2016.

28          3.      This action is a civil action of which this Court has original jurisdiction under

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4852-1974-5332.1

1  28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant GEICO

2  pursuant to the provisions of 28 U.S.C. § 1441 (b) in that it is a civil action between

3  citizens of different states and the matter in controversy exceeds the sum of $75,000.00,

4  exclusive of interest and costs.

5      4.   Venue is appropriate in the unofficial Southern District of the Court pursuant

6  to 28 U.S.C. §§ 1393 (b)(2) and (c), 1441 (a); and LR IA6-1.

7      5.   In the State Court Action, the matter in controversy exceeds the sum of

8  $75,000.00, exclusive of interest and costs.   The Complaint in this action contains

9  allegations that GEICO failed to meet its contractual obligations to Plaintiff arising from an

10  insurance contract and that such actions constitute bad faith, for which Plaintiff seeks to

11  recover general and special damages, as well as punitive damages.  Plaintiff's Complaint

12  alleges Plaintiff sustained bodily injuries in the subject accident which occurred on

13  December 6, 2013, with an alleged uninsured driver.  At the time of the accident, Plaintiff

14  was insured by GEICO Casualty Company.   Plaintiff alleges GEICO breached the

15  applicable insurance contract by refusing to compensate Plaintiff for damages under the

16  terms of the uninsured/underinsured ("UM/UIM") coverage limits of the applicable

17  insurance policy.

18      The UM/UIM limits under the GEICO policy are **$300,000 per person/$300,000 per**

19  **accident**.  *See*, Exhibit "D", the Declarations page of the GEICO policy.  On or about April

20  14, 2016, Plaintiff made a demand for the UM policy limits of $300,000 and advised that if

21  GEICO was unwilling to pay the policy limits, GEICO should tender the amount of

22  GEICO'S last offer of $160,000 as an "undisputed amount." *See*, Exhibit "A", p. 4, ll. 6-8.

23  Plaintiff's Complaint further alleges that GEICO responded to the April 14, 2016 demand

24  by advising the amount of general damages claimed by Plaintiff was in dispute and that

25  its last offer of $160,000 was not to be considered an undisputed amount. *Id*. at p. 4, ll. 9-

26  11.  The value dispute over the contract benefits due Plaintiff is of an amount which

27  satisfies the jurisdictional limit for purposed of removal to federal court.  The amount of

28  medical specials allegedly incurred as a result of injuries sustained in the accident is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4852-1974-5332.1                                        2

1    $92,548, according to Plaintiff's Complaint. *Id.* at p. 2, II. 21-23. Thus, the amount of

2    medical specials alone, and for which Plaintiff seeks compensation from the GEICO

3    policy, is sufficient to satisfy the jurisdictional threshold for removal purposes.

4         In addition to seeking compensation under the UM contract up to the $300,000

5    limits of the insurance policy, Plaintiff seeks extra-contractual damages. Plaintiff's

6    Complaint states that GEICO acted in bad faith and violated its implied covenant of good

7    faith and fair dealing by repeatedly and continuously failing and refusing to provide the

8    legally entitled benefits due and owing to Plaintiff under the insurance contract. *See*,

9    Exhibit "A", p. 6, II. 19-21. Plaintiff alleges GEICO'S actions were oppressive and in bad

10   faith, resulting in "substantial economic loss, as well as attorney's fees and costs." *Id.* at

11   p. 8, II. 15-17.

12        Plaintiff alleges that GEICO'S actions in refusing to pay benefits due under the

13   insurance contract were "deliberate, and willful, wanton and reckless, in disregard to

14   Plaintiff's interests, and in conscious disregard to the consequences to Plaintiff, to such

15   extent as to constitute oppression, fraud and actual malice toward Plaintiff, thus entitling

16   Plaintiff to an award for punitive damages." *Id.* at p. 8, II. 20-23. Plaintiff's Complaint also

17   includes a cause of action for Violation of the Unfair Claims Practices Act based on

18   alleged violations of NRS 686A.310. Plaintiff seeks damages related to NRS 686A.310.

19   *Id.* at p. 9, II. 26-28.

20        The amount of UM contract benefits at issue and which Plaintiff seeks to recover in

21   this matter ($300,000), satisfies the jurisdictional amount of $75,000 necessary for

22   removal to federal court. In addition to contract damages, Plaintiff's Complaint seeks

23   extra-contractual damages which further evidence satisfaction of the amount in

24   controversy for removal purposes. Plaintiff prays for the following damages: general

25   damages in excess of $10,000, special damages to be determined at the time of trial,

26   consequential damages (including attorney's fees), expectation damages for denied

27   policy benefits in excess of $10,000, medical and incidental expenses already incurred

28   and to be incurred, reasonable attorney's fees and costs of suit, punitive damages in an

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  amount to be determined at trial, and interest at the statutory rate, and other relief the

2  court deems just and proper.

3      A defendant's duty is not to prove by a preponderance of the evidence that the

4  plaintiff is likely to recover an amount in excess of the threshold.  Rather, the jurisdictional

5  minimum in diversity cases is determined by the amount at stake to either party.  *Hamrick*

6  *v. REO Props. Corp.*, 2010 U.S. Dist. LEXIS 85073 (Nev. 2010).   In other words, the

7  amount in controversy is satisfied when the Plaintiff's potential gain exceeds the

8  jurisdiction limit.  *Id.*  The pertinent question the Court is to ask is whether or not Plaintiff

9  is likely to ask a jury for an amount above $75,000.00.  *Canonico v. Seals*, 2013 U.S.

10  Dist. LEXIS 60047 (Nev. 2013).  As such, the appropriate figure to use in determining

11  whether GEICO has presented adequate evidence to establish the amount in controversy

12  is not the probable amount that Plaintiff will recover, but rather the total potential value of

13  Plaintiff's claims considering all of the allegations and all the asserted damages.   If

14  GEICO can show by a preponderance of evidence that (1) Plaintiff is likely to ask from the

15  jury an amount over the jurisdictional threshold, or (2) were a jury to award Plaintiff full

16  recovery, that award would be over the jurisdiction threshold, then jurisdiction with the

17  Federal Court should remain.

18      At stake in this case, is an amount Plaintiff seeks to recover in UM/UIM contract

19  benefits which exceeds $75,000, plus exposure to GEICO beyond the contract limits, for

20  damages related to alleged violations of NRS 686A.310, Plaintiff's allegations of bad

21  faith, including an alleged breach of the covenant of good faith and fair dealing.   In

22  assessing the amount in controversy, the Court may consider any request for punitive

23  damages and attorney's fees.  *Manthei v. Northwestern Mut. Life Ins. Co.*, 2014 U.S. Dist.

24  LEXIS 15714, 5-6 (D. Nev. Feb. 6, 2014).  The Court in *Manthei* also noted that "as

25  Nevada law does not cap punitive damages in bad faith insurance claims[1], except as

---

[1] Although NRS 42.005(1) would limit punitive damages to $300,000 if Plaintiff is awarded less than $100,000 in compensatory damages; NRS 42.005(2)(b) removes this limit in a bad faith case against an insurer.

1   limited by constitutional due process, Defendant has shown that the punitive damages

2   claim by itself would 'more likely than not' carry the amount in controversy over the

3   jurisdictional threshold."[2] *Id.*

4      In this case, Plaintiff has rejected GEICO'S last settlement offer of $160,000, and

5   seeks the UM policy limits of $300,000. When the UM policy limit amount of $300,000 is

6   combined with the total amount Plaintiff is likely to seek in extra-contractual damages

7   related to all causes of action, it is apparent from the type of damages alleged in the

8   Complaint that the amount in controversy is in excess of $75,000, exclusive of interest

9   and costs. Accordingly, GEICO has satisfied the jurisdictional threshold.

10      6.  Defendant GEICO is informed and believes that Plaintiff was, at the time of

11   filing of the State Court Action, and still is, a resident of Clark County, State of Nevada.

12   GEICO Casualty Company is an insurance company incorporated in the State of

13   Maryland, with its principal place of business in Maryland, is authorized to do business in

14   the State of Nevada.

15   . . .

16   . . .

17   . . .

18   . . .

19   . . .

20   . . .

21   . . .

22   . . .

23   . . .

24

25
26   [2] The US Supreme Court has noted that single digit multipliers are most likely to comport with due process. *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408 (2003). Applying even the lowest multipliers will bring the amount in controversy above the jurisdictional requirement - e.g. a request for punitive damages with any multiplier over 2x the compensatory damages would exceed the jurisdictional limit.

27

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

7.     Based on the foregoing, Defendant GEICO respectfully submits that (a) there is diversity of citizenship between Plaintiff and Defendant GEICO, and, (b) the amount in controversy exceeds $75,000.00.  This action is, therefore properly removed to the United States District Court for the District of Nevada.

DATED this <u>11</u><sup>th</sup> day of July, 2016.

LEWIS BRISBOIS BISGAARD & SMITH LLP

<u>/s/ Pamela L. McGaha</u>
ROBERT W. FREEMAN
Nevada Bar No. 3062
PAMELA L. MCGAHA
Nevada Bar No. 8181
6385 S. Rainbow Blvd, Suite 600
Las Vegas, Nevada 89118
Attorney for Defendant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4852-1974-5332.1

6

1

<u>CERTIFICATE OF SERVICE</u>

2

I HEREBY CERTIFY that on the 11<u>th</u> day of April, 2016, I electronically filed the

3

PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)

4

with the Clerk of the Court through Case Management/Electronic Filing System.

5

6

John P. Aldrich, Esq.
Gary S. Fink. Esq.
ALDRICH LAW FIRM

7

1601 S. Rainbow Blvd., Suite 160
Las Vegas, Nevada 89146

8

*Attorneys for Plaintiff*

9

10

/s/ Kristen Freeman
Employee of LEWIS BRISBOIS

11

BISGAARD & SMITH LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4852-1974-5332.1

PETITION FOR REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441 (DIVERSITY)

Exhibit "A"



RECEIVED
JUN 0 2 2016
DIVISION OF INSURANCE
STATE OF NEVADA

Electronically Filed
05/25/2016 01:49:26 PM

CLERK OF THE COURT

1  COMP
John P. Aldrich, Esq.
2  Nevada Bar No. 6877
Gary S. Fink, Esq.
3  Nevada Bar No. 8064
**ALDRICH LAW FIRM, LTD.**
4  1601 S. Rainbow Blvd., Suite 160
Las Vegas, Nevada 89146
5  (702) 853-5490
(702) 227-1975 (fax)
6  *Attorneys for Plaintiff*

7                    **DISTRICT COURT**

8              **CLARK COUNTY, NEVADA**

9  EDMUND CARBINE,                    Case No.: A- 16- 737332- C
                                      Dept. No.: XXVI
10            Plaintiff,

11  vs.                               **COMPLAINT FOR CIVIL DAMAGES**

12  GEICO CASUALTY COMPANY; ROE
CORPORATIONS 1-10; inclusive
13
            Defendants.
14

15        COMES NOW Plaintiff EDMUND CARBINE ("Plaintiff"), by and through his attorney of record,

16  John P. Aldrich, Esq., of the Aldrich Law Firm, Ltd., and hereby complains and alleges as follows:

17                              **PARTIES**

18        1.    Plaintiff is 76 years old and was, at all times relevant to this matter, a resident of Clark

19  County, State of Nevada.

20        2.    Upon information and belief, Defendant GEICO CASUALTY COMPANY ("Geico") was,

21  at all times relevant to this matter, a foreign corporation, duly licensed to do business in, and actually

22  engaged in the business of selling insurance in the County of Clark, State of Nevada.

23        3.    The facts and circumstances that give rise to the subject lawsuit occurred in the State of

24  Nevada.

25        4.    The true names and capacities of Defendant ROE CORPORATIONS 1 through 10 are

26  unknown to Plaintiff, and Plaintiff therefore sues said Defendants by said fictitious names. Plaintiff is

27  informed and believes, and thereupon alleges that each of the Defendants designated as Roe Corporation is

28  responsible in some manner for the events and happenings referred to and caused the damages to Plaintiff

1 as alleged, and Plaintiff will ask leave of this court to amend this Complaint to insert the true names and

2 capacities of Roe Corporations 1 through 10 when they are ascertained by Plaintiff together with appropriate

3 charges and allegations to join such Defendants in this action.

## GENERAL ALLEGATIONS

5   5.   On or around December 6, 2013 at approximately 7:30 a.m., Plaintiff was a pedestrian

6 crossing Farm Road in the crosswalk of Bradley Avenue. Both streets are public streets in Clark County,

7 Nevada. Plaintiff was proceeding north. Non-party, Leisa Moseley (Moseley) was driving a 2005 Chrysler

8 south on Bradley and turned left onto Farm Road and struck Plaintiff, causing immediate, severe and life

9 threatening personal injuries.

10   6.   At the time of the incident herein complained of, and immediately prior thereto, Moseley,

11 in breaching a duty owed to Plaintiff, was negligent and careless, inter alia, in the following particulars:

12   A.   In failing to keep her vehicle under proper control;

13   B.   In operating her vehicle without due caution for the rights of Plaintiff; and

14   C.   In failing to keep a proper lookout for Plaintiff.

15   7.   Moseley was cited for failing to yield right of way to a pedestrian in a crosswalk in violation

16 of NRS CODE:0705.

17   8.   The fault of Moseley for this accident has never been at issue.

18   9.   Plaintiff was transported via ambulance to University Medical Center, where he received

19 emergency medical treatment.  As a direct and proximate result of the negligence and carelessness of

20 Moseley, Plaintiff suffered a severe laceration to his throat; lacerations to his head, face, arms and legs; a

21 fractured left fibula; soft tissue injuries and, a complete or near complete left rotator cuff tear. As a direct

22 and proximate result of the injuries sustained in the accident, Plaintiff required medical care, the cost of

23 which has exceeded $92,548.00.

24   10.   At all times relevant to this matter, Moseley was an "uninsured motorist."

25   11.   At all times relevant to this matter, Plaintiff was insured by Geico,  Policy #4320-8296-68

26 ("Insurance Contract").

27   12.   At all times relevant to this matter, in addition to other coverages, the Insurance Contract

28

1   provided Plaintiff with uninsured/undersinsured motorist bodily injury coverage of $300,000.00/per person,
2   $300,000.00 per occurrence.

3        13.    On or about December 18, 2013, Plaintiff, through his counsel, sent a letter of representation
4   to Geico advising of the incident and requesting insurance coverage information.

5        14.    On or about February 19, 2014, Plaintiff, through his counsel, sent a follow up letter to Geico
6   again requesting insurance coverage information.  Geico was further advised in the letter that Plaintiff was
7   receiving medical bills, and wanted to submit them for payment so they would not go to collection.  Plaintiff
8   asked for direction on how to proceed.

9        15.    On or about March 3, 2014, Geico sent Plaintiff a letter stating that he did not carry medical
10  payment coverage on his policy and requested a recorded statement.  Geico did not address Plaintiff's
11  concern regarding unpaid medical bills going to collection, but acknowledged uninsured/undersinsured
12  motorist bodily injury coverage of $300,000.00/per person, $300,000.00 per occurrence.

13       16.    On or about May 14, 2014, Geico sent a letter requesting reports and documentation about
14  Plaintiff's treatment status, and requested an estimated mailing date of a "demand package."

15       17.    On or about June 11, 2014, Geico sent an identical letter requesting reports and
16  documentation about Plaintiff's treatment status, and requested an estimated mailing date of a "demand
17  package."

18       18.    On or about January 9, 2015 Plaintiff submitted a demand letter to Geico including an
19  extensive narrative regarding the accident, a breakdown of medical bills, documents regarding no third party
20  coverage, and copies of medical records and bills.

21       19.    On or about January 14, 2015, Geico acknowledged receipt of the "demand package" dated
22  January 9, 2015.

23       20.    On or about February 9, 2015, Geico sent a letter with a "settlement offer" of $152,550.00.
24  The letter included the following statement: "Settlement of the claim will include your client signing an
25  agreement that releases GEICO Casualty Company of any and all claims resulting from this loss."

26       21.    On or about April 22, 2015 Geico sent a letter with a "settlement offer" of $155,550.00. The
27  letter included the following statement: "Settlement of the claim will include your client signing an
28

1  agreement that releases GEICO Casualty Company of any and all claims resulting from this loss."

2      22.    On or about July 9, 2015 Geico sent a letter with a "settlement offer" of $160,000.00.  The
3  letter included the following statement: "Settlement of the claim will include your client signing an
4  agreement that releases GEICO Casualty Company of any and all claims resulting from this loss."

5      23.    On or about March 7, 2016, Geico sent a letter wishing to discuss binding arbitration.

6      24.    On or about April 14, 2016, Plaintiff declined Geico's offer to participate in binding
7  arbitration and again requested payment on the claim.  Plaintiff advised that if Geico was unwilling pay the
8  policy limits, Geico should tender the previously offered $160,000.00 as an "undisputed" amount.

9      25.    On or about April 26, 2016, Geico sent a letter stating that Plaintiff's description of the
10  $160,000.00 as "undisputed" was "not correct as the amount of General Damages being demanded is the
11  subject of dispute."

12      26.    On or about April 29, 2016, Plaintiff sent a letter to Geico asking if any amount is
13  "undisputed," and if so, asking Geico to please tender that amount.

14      27.    Nearly two and one-half (2 ½) years have passed since Geico became aware of Plaintiff's
15  loss.  In February 2014, Geico became aware that Plaintiff was accumulating medical bills and was
16  concerned about being sent to collections.  Around that same time, Geico also became aware, or should have
17  become aware, that Moseley was uninsured for the losses associated with the accident and that Plaintiff was
18  legally entitled to benefits under the insurance contract.  Finally, on May 11, 2016, Geico agreed to issue
19  payment for the medical specials "totaling $92,548.51."

20                          **FIRST CAUSE OF ACTION**
                             **(Breach of Contract)**
21
22      28.    Plaintiff incorporates and re-alleges the allegations of paragraphs 1 through 27 above, as if
   fully set forth herein.
23
24      29.    The insurance contract contained an underinsured/uninsured motorist provision providing
25  coverage for loss as a result of the negligence of other vehicle operators, when the other operators lacked
   or had insufficient insurance coverage.
26
27      30.    The underinsured/uninsured motorist coverage provision providing coverage of
   $300,000.00/per person, $300,000.00 per occurrence.
28
                              Page 4 of 10

1    31.    The insurance contract was in full force and effect when the subject accident occurred on

2    December 6, 2013.

3    32.    Geico is contractually obligated to Plaintiff, the insured, under the insurance contract.

4    33.    Geico has failed to pay legally entitled benefits under the underinsured/uninsured portion of

5    the insurance contract, thereby breaching its contractual duty.

6    34.    As a direct and proximate result of Moseley's negligence, Plaintiff, incurred special damages

7    for medical care and treatment in an amount in excess of $10,000.00.

8    35.    As a direct and proximate result of Geico's breach of the insurance contract, Plaintiff has

9    incurred special damages for medical care and treatment in an amount in excess of $10,000.00.

10   36.    As a further direct and proximate result of Geico's breach of insurance contract, Plaintiff has

11   sustained general damages in excess of $10,000.00.

12   37.    It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action

13   and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

14                              **SECOND CAUSE OF ACTION**
              **(Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing)**

15
16   38.    Plaintiff incorporates and re-alleges the allegations of paragraphs 1 through 37 above, as if

     fully set forth herein.
17

18   39.    As stated above, Plaintiff and Geico were parties to the insurance contract.

19   40.    Geico owed a duty of good faith to Plaintiff.

20   41.    Geico breached that duty by performing in a manner that was unfaithful to the purpose of the

     insurance contract.
21

22   42.    As a result of performing in a manner that was unfaithful to the purpose of the insurance

23   contract, Plaintiff's justified expectations were denied.

24   43.    The actions of Geico as described herein, constitutes a contractual breach of the covenant of

25   good faith and fair dealing with Plaintiff, and as a direct and proximate result thereof, Plaintiff has been

     damaged in a sum in excess of $10,000.00.
26

27   44.    It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action

28   and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

                                  Page 5 of  10

## THIRD CAUSE OF ACTION
### (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)

45.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 44 as fully set forth herein.

46.    Geico owed a duty of good faith to Plaintiff arising from the insurance contract.

47.    A special element of reliance or fiduciary duty exists between Plaintiff and Geico because Geico was in a superior and entrusted position.

48.    Geico breached its duty of good faith by engaging in misconduct, oppression, fraud and/or malice.

49.    As a direct and proximate result of Geico's actions, Plaintiff has suffered damages.

50.    At all times mentioned herein, Geico further owed a duty to Plaintiff to ensure it did not impair the Plaintiff's right to receive benefits of the insurance contract.

51.    It is Geico's duty to evaluate and pay the claim fairly, in good faith, and in a manner free from malice or oppression.

52.    Plaintiff entered into the insurance contract with Geico seeking peace of mind, and protection against calamity.

53.    Plaintiff reasonably expected that Geico would promptly pay covered losses.

54.    Geico unreasonably delayed and withheld legally entitled benefits under the insurance contract.

55.    Geico had no reasonable basis for withholding legally entitled benefits under the insurance contract, and Geico knew or recklessly disregarded the fact that there was no reasonable basis for withholding those legally entitled benefits.

56.    Geico acted in bad faith and violated its implied covenant of good faith and fair dealing by repeatedly and continuously failing and refusing to provide the legally entitled benefits due and owing to Plaintiff under the insurance contract.

57.    At all times relevant, Geico had actual or implied awareness of the absence of a reasonable basis for withholding legally entitled benefits under the insurance contract.

58.    Geico breached its duty of good faith and fair dealing when it did not give Plaintiff's interests

1   equal consideration to its own.

2        59.    Geico's conduct was deliberate, calculated, and done with the knowledge that there was a

3   probable harmful consequence to Plaintiff.

4        60.    Geico has never paid any benefits to Plaintiff under the insurance contact for losses associated

5   with this accident.

6        61.    Although Geico offered to settle Plaintiff's uninsured motorist claim, the offer required

7   Plaintiff to release Geico from any and all claims against them.

8        62.    Plaintiff is under no obligation to release Geico from claims as a condition to receive the

9   benefits he is entitled to under the insurance contract.

10       63.    At all times relevant, Geico was aware that Plaintiff was in need of funds to help pay the bills

11   for medical treatment associated with the injuries sustained as a result of the accident, and avoid being sent

12   to collections.

13       64.    By failing to pay Plaintiff's medical bills, when Geico knew that Plaintiff was in need of

14   money to avoid collections, and Plaintiff was legally entitled to benefits under the insurance contract,

15   Geico's conduct was oppressive and such oppressive behavior frustrates Plaintiff's primary right to receive

16   prompt compensation for his losses.

17       65.    At all times relevant, Geico had reason to know that it was probable that Plaintiff would

18   suffer unjust hardship if Geico deprived Plaintiff of the benefits under the insurance contract.

19       66.    When Geico refused to provide any benefit under the insurance contract for medical bills,

20   and required a release for any and all claims prior to making any payment under the insurance contract,

21   Geico consciously and deliberately attempted to pressure Plaintiff into abandoning his rightful claims, and,

22   subjected him to cruel and unjust hardship in conscious disregard for Plaintiff's rights.

23       67.    Geico intentionally refused to pay a valid policy claim in bad faith, and, at all times relevant,

24   Geico had knowledge that its refusal to pay would substantially and adversely affect Plaintiff's comfort,

25   security, peace of mind and well-being.

26       68.    By requiring a release in exchange for paying legally-entitled benefits under the insurance

27   contract, Geico's conduct is oppressive and such oppressive behavior frustrates Plaintiff's primary right to

28

1 receive prompt compensation for his losses.

2   69.   Geico's conduct was oppressive when it required Plaintiff to settle all claims even though

3 some claims are undisputed and others are not.

4   70.   Geico has never disputed that the medical specials incurred by Plaintiff were reasonable,

5 necessary, and related to the accident at issue in this matter.

6   71.   Geico's actions of refusing to provide legally-entitled benefits to Plaintiff for the losses

7 sustained as a result of the accident at issue in this matter was a conscious and deliberate act.

8   72.   At all times relevant herein, Geico was aware of its obligations to discharge its contractual

9 responsibilities to Plaintiff, but consciously and deliberately acted for its own benefit and to the detriment

10 of the Plaintiff.

11   73.   Geico knew or should have known to a measure of certainty that in early 2014 Plaintiff was

12 legally entitled to benefits under insurance contract.

13   74.   Geico knew or should have known that it is required to promptly pay benefits that Plaintiff

14 is legally entitled to.

15   75.   Geico's failure to exercise good faith and fair dealing, and conversely to act oppressively and

16 in bad faith, has resulted in substantial delay in receipt of legally entitled benefits to which Plaintiff is

17 entitled, and has and will result in substantial economic loss, as well as attorney's fees and costs.

18   76.   Geico's failure to exercise good faith and fair dealing has resulted in Plaintiff suffering severe

19 emotions distress, humiliation, indignity and disgrace.

20   77.   The aforesaid conduct of Geico was conscious and deliberate, and in willful, wanton and

21 reckless, in disregard to Plaintiff's interests, and in conscious disregard to the consequences to Plaintiff, to

22 such extent as to constitute oppression, fraud and actual malice toward Plaintiff, thus entitling Plaintiff to

23 an award for punitive damages.

24   78.   By reason of the premises and as a direct and proximate result thereof, Plaintiff has incurred

25 expenses for medical care and treatment and expenses incidental thereto, all to his damage; Plaintiff is

26 informed and believes, and thereon alleges, that such expenses will continue in the future.

27   79.   The actions of Geico as described herein, constitutes a tortious breach of the covenant of good

28

Page 8 of 10

faith and fair dealing with Plaintiff, and as a direct and proximate result thereof, Plaintiff has been damaged in a sum in excess of $10,000.00.

80.    It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

### FOURTH CAUSE OF ACTION
(Violation of the Unfair Claims Practices Act)

81.    Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 to 80 as if fully set forth herein.

82.    That Plaintiff and Geico were bound by a contractual relationship pursuant to the Insurance Contract.

83.    Geico further breached the Covenant of Good Faith and Fair Dealing by its violation of provisions of the Unfair Claims Practices Act (NRS § 686A.310) set out below; violations which were done with Geico's actual and/or implied knowledge.

84.    Geico's deliberate delay in paying benefits due to Plaintiff is in direct violation of both the Nevada Insurance Regulations and NRS 686A.310 including, but not limited to Section 1, subsections (b), (c), (e) and (n).

85.    Geico failed to acknowledge and act reasonably prompt upon communications with respect to claims arising under insurance policies, as prohibited by NRS § 686A.310(1)(b).

86.    Geico failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the insurance policy, as prohibited by NRS § 686A.310(1)(c).

87.    Geico failed to effectuate a prompt, fair and equitable settlement of claims in which its liability had become reasonably clear, as prohibited by NRS § 686A.310(1)(e).

88.    Geico failed to promptly provide to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim, in violation of NRS § 686A.310(1)(n).

89.    The actions of Geico as described herein, constitutes a breach of the covenant of good faith and fair dealing with Plaintiff, and as a direct and proximate result thereof, Plaintiff has been damaged in a sum in excess of $10,000.00.

1   90.   It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action

2   and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

3   WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time

4   of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the

5   Defendants, and each of them, as follows:

6   1.   General damages sustained by Plaintiff in an amount in excess of $10,000.00;

7   2.   Special damages to be determined at the time of trial;

8   3.   Consequential damages, including attorney's fees;

9   4.   Expectation damages for denied policy benefits in excess of $10,000.00.;

10   5.   Medical and incidental expenses already incurred and to be incurred;

11   6.   Reasonable attorney's fees and costs of suit;

12   7.   Punitive damages in an amount to be determined at trial;

13   8.   Interest at the statutory rate; and

14   9.   For such other relief as the Court deems just and proper.

15   DATED this 25th day of May, 2016.

16   ALDRICH LAW FIRM, LTD.

17

18   John P. Aldrich, Esq.
   Nevada Bar No. 6877
19   Gary S. Fink, Esq.
   Nevada Bar No. 8064
20   1601 S. Rainbow Blvd., Suite 160
   Las Vegas, Nevada 89146
21   (702) 853-5490
   (702) 227-1975 (fax)
   *Attorneys for Plaintiff*

22

23

24

25

26

27

28

Page 10 of  10

```
1  IAFD
   John P. Aldrich, Esq.
2  Nevada Bar No. 6877
   Gary S. Fink, Esq.
3  Nevada Bar No. 8064
   ALDRICH LAW FIRM, LTD.
4  1601 S. Rainbow Blvd., Suite 160
   Las Vegas, Nevada 89146
5  (702) 853-5490
   (702) 227-1975 (fax)
6  Attorneys for Plaintiff

7                      DISTRICT COURT

8                 CLARK COUNTY, NEVADA

9  EDMUND CARBINE,              Case No.:
                                Dept. No.:
10           Plaintiff,

11  vs.
                               INITIAL APPEARANCE FEE DISCLOSURE
12  GEICO CASUALTY COMPANY; ROE
    CORPORATIONS 1-10; inclusive
13
14          Defendants.

15       Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties

16  appearing in the above entitled action as indicated below:

17       EDMUND CARBINE                    $270.00

18       TOTAL REMITTED                    $270.00

19       DATED this 25th day of May, 2016.

20                              ALDRICH LAW FIRM, LTD.

21
                                John P. Aldrich, Esq.
22                              Nevada Bar No. 6877
                                Gary S. Fink, Esq.
23                              Nevada Bar No. 8064
                                1601 S. Rainbow Blvd., Suite 160
24                              Las Vegas, Nevada 89146
                                (702) 853-5490
25                              (702) 227-1975 (fax)
                                Attorneys for Plaintiff
26

27

28
```

PETITION FOR REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441 (DIVERSITY)

Exhibit "B"



# DISTRICT COURT
## CLARK COUNTY, NEVADA

EDMUND CARBINE,

         Plaintiff,

v.

GEICO CASUALTY COMPANY; ROE CORPORATIONS
1-10, inclusive,

         Defendant.

Case No: A-16-737332-C
Dept. No: XXVI

## SUMMONS

*GEICO CASUALTY COMPANY*

**NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

    1. If you intend to defend this lawsuit, within 20 days after the Summons is served on you, exclusive of the day of service, you must do the following:

        a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate fee.

        b.    Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3.    If you intend to see the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

    4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted By:

_JOHN P. ALDRICH_

JOHN P. ALDRICH, ESQ.
Bar Number 6877
1601 S. Rainbow Blvd., Suite 160
Las Vegas, Nevada 89146
(702) 853-5490
Attorney for: Plaintiff

STEVEN D. GRIERSON
CLERK OF THE COURT

_____, CLERK OF COURT

By _ADELINE BRUSEY_    MAY 2 6 2016
    Deputy Clerk        Date
    Regional Justice Center
    200 Lewis Avenue
    Las Vegas, NV 89101

PETITION FOR REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441 (DIVERSITY)

Exhibit "C"

**PROOF OF SERVICE**

I hereby declare that on this day I served a copy of the Summons and Complaint for Civil Damages upon the following defendant in the within matter, by shipping a copy thereof, via Certified mail, return receipt requested, to the following:

> Geico Casualty Company
> c/o The Corporation Trust Company of Nevada
> 701 S. Carson St., Ste. 200
> Carson City, NV 89701-5239
> CERTIFIED MAIL NO. 7015 0640 0006 6021 3744

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 9th day of June, 2016.

RHONDA KELLY
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE:   Edmund Carbine vs. Geico Casualty Company, et al.
      District Court, Clark County, Nevada
      Case No. A-16-737332-C

State of Nevada, Division of Insurance
This document on which this certificate
is stamped is a full, true and correct
copy of the original.

Date: 6/9/16   By: Rhonda Kelly

-1-

BRIAN SANDOVAL
*Governor*

**STATE OF NEVADA**

BRUCE H. BRESLOW
*Director*

BARBARA D. RICHARDSON
*Commissioner*



**DEPARTMENT OF BUSINESS AND INDUSTRY**
**DIVISION OF INSURANCE**
2501 East Sahara Avenue, Suite 302
Las Vegas, Nevada 89104-4137
(702) 486-4009   •   Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

June 9, 2016

Geico Casualty Company
c/o The Corporation Trust Company of Nevada
701 S. Carson St., Ste. 200
Carson City, NV 89701-5239

RE:   Edmund Carbine vs. Geico Casualty Company, et al.
District Court, Clark County, Nevada
Case No. A-16-737332-C

Dear Sir or Madam:

Enclosed please find the following documents: Summons and Complaint for Civil Damages. These documents have been served upon the Commissioner of Insurance as your attorney for service of process on June 2, 2016.

The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

If you have any questions regarding this service, please advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By:   *Rhonda Kelly*
RHONDA KELLY
Service of Process Clerk

Enclosures

c:   John P. Aldrich, Esq.

BRIAN SANDOVAL
*Governor*

**STATE OF NEVADA**

BRUCE H. BRESLOW
*Director*

BARBARA D. RICHARDSON
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF INSURANCE
2501 East Sahara Avenue, Suite 302
Las Vegas, Nevada 89104-4137
(702) 486-4009    •    Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

June 9, 2016

John P. Aldrich, Esq.
Aldrich Law Firm, Ltd.
1601 S. Rainbow Blvd., Ste. 160
Las Vegas, NV 89146

RE:   Edmund Carbine vs. Geico Casualty Company, et al.
District Court, Clark County, Nevada
Case No. A-16-737332-C

Dear Mr. Aldrich:

The Division received the service of process documents on June 2, 2016, regarding the above-entitled matter. Service has been completed on Geico Casualty Company this date and enclosed are the following:

1.    A copy of our letter to Geico Casualty Company dated June 9, 2016;
2.    A certified copy of the Proof of Service dated June 9, 2016; and
3.    Your receipt in the amount of $30.00.

Pursuant to *Nevada Revised Statutes (NRS)* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

If you have any questions regarding this service, please so advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By:   *Rhonda Kelly*
RHONDA KELLY
Service of Process Clerk

Enclosures

c:    Geico Casualty Company

PETITION FOR REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441 (DIVERSITY)

Exhibit "D"



**GEICO**
geico.com    Tel: 1-800-841-3000

**GEICO CASUALTY COMPANY**
P.O. Box 509090
San Diego, CA 92150-9090

Date Issued: October 6, 2013

EDMUND D CARBINE AND DONNA F
 CARBINE
▬▬▬▬▬▬▬▬▬
LAS VEGAS NV  89131-2635

Email Address: dondelcarbine@mac.com

# Declarations Page
This is a description of your coverage.
Please retain for your records.

**Policy Number: 4320-82-96-68**
**Coverage Period:**
08-30-13 through 03-01-14
12:01 a.m. local time at the address of the named insured.

Endorsement Effective: 10-06-13

| **Named Insured** | **Additional Drivers** |
|---|---|
| Edmund D Carbine | None |
| Donna F Carbine | |

| Vehicles | | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|---|
| 1 2011 Honda | Pilot EX | 5FNYF4H44BB023124 | Las Vegas NV 89131 | America First Cu |
| 2 2004 Chev | Silver1500 | 1GCEC14X14Z168550 | Las Vegas NV 89131 | |

| Coverages* | Limits and/or Deductibles | Vehicle 1 | Vehicle 2 |
|---|---|---|---|
| Bodily Injury Liability | | | |
| Each Person/Each Occurrence | $300,000/$300,000 | $152.69 | $139.58 |
| Property Damage Liability | $50,000 | $44.47 | $41.72 |
| Uninsured Motorists | | | |
| Each Person/Each Occurrence | $300,000/$300,000 | $49.20 | $49.20 |
| Comprehensive | $1,000 Ded | $8.31 | - |
| Collision | $1,000 Ded | $51.64 | - |
| Emergency Road Service | Full | $3.07 | - |
| Rental Reimbursement | $30 Per Day | $7.62 | - |
| | $900 Max | - | - |
| **Six Month Premium Per Vehicle** | | **$317.00** | **$230.50** |
| **Total Six Month Premium** | | | **$547.50** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

T-G
DEC_PAGE (11-11)  (Page 1 of 2)

Continued on Back
**Policy Change** Page 3 of 4